**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                  )
JOSE ENRIQUE CUZCO GANZHI,         )
                                  )
                    Petitioner,   )
                                  )
v.                                )      Civil Action
                                  )      No. 26-cv-11478-PBS
ANTONE MONIZ, Superintendent of   )
Plymouth County Correctional      )
Facility, et al.,                 )
                                  )
                    Respondents.  )
_____)

**ORDER**

May 1, 2026

Saris, J.

Petitioner Jose Enrique Cuzco Ganzhi ("Petitioner") has filed a habeas petition under 28 U.S.C. § 2241 to challenge the lawfulness of his immigration detention. The Court previously ordered the government to provide Petitioner with a bond hearing in immigration court that complies with the due process standards outlined in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). At the hearing, the immigration judge denied Petitioner's request for release on bond. She found that the government had shown by clear and convincing evidence that Petitioner poses a danger to the community based on a 2024 criminal charge for operating under the influence that was dismissed for failure to prosecute and a

1

related police report describing the circumstances leading to Petitioner's arrest on that charge.

Petitioner now moves to enforce this Court's order, arguing that his bond hearing did not comport with Hernandez-Lara's requirement that the government must prove dangerousness by clear and convincing evidence to justify a noncitizen's detention. See 10 F.4th at 41. The government responds that Petitioner's "recourse is to exhaust administrative remedies by appealing the immigration judge's decision to the Board of Immigration Appeals ('BIA')." Dkt. 13 at 2. In line with the weight of the caselaw among district courts in this circuit, the Court holds that Petitioner need not exhaust an appeal to the BIA on his due process challenge given the irreparable harm caused by his allegedly unlawful and ongoing detention. See, e.g., Makuraza v. Wesling, No. 26-cv-122, 2026 WL 1068066, at *2 (D.N.H. Apr. 20, 2026); Miti v. Moniz, __ F. Supp. 3d __, __ (D. Mass. 2026) [2026 WL 884639, at *5-6]; Costa v. McDonald, No. 25-cv-13469, 2026 WL 371198, at *3 (D. Mass. Feb. 10, 2026); Garcia v. Hyde, __ F. Supp. 3d __, __ (D.R.I. 2025) [2025 WL 3466312, at *6-7]; Rosa Pineda v. Nessinger, No. 25-cv-522, 2025 WL 3267328, at *1 (D.R.I. Nov. 24, 2025). But see Dos Reis v. Vitello, No. 25-cv-10497, 2025 WL 1043434, at *2 (D. Mass. Apr. 8, 2025) (requiring exhaustion via an appeal to the BIA where the noncitizen alleged he received a constitutionally deficient bond hearing).

2

Nonetheless, the Court denies Petitioner's motion on the merits. The Court's authority in reviewing the type of argument raised by Petitioner "is limited." Diaz Ortiz v. Smith, 384 F. Supp. 3d 140, 143 (D. Mass. 2019). A noncitizen must "either point to the language of the immigration judge's" ruling indicating she applied the wrong standard of proof "or demonstrate that 'the evidence itself could not -- as a matter of law -- have supported' the immigration judge's decision to deny bond." Id. (quoting Hechavarria v. Whitaker, 358 F. Supp. 3d 227, 240 (W.D.N.Y. 2019)); see Miti, __ F. Supp. 3d at __ [2026 WL 884639, at *6].

The immigration judge in this case articulated the correct standard of proof, so the question is whether the evidence cited by the immigration judge was sufficient to justify her decision to deny bond based on dangerousness. Contrary to Petitioner's argument, a criminal charge need not ripen into a conviction before an immigration judge may consider a police report's description of the conduct underlying the charge when assessing a noncitizen's dangerousness. See Miti, __ F. Supp. 3d at __ [2026 WL 884639, at *6]; Rubio-Suarez v. Hodgson, No. 20-cv-10491, 2020 WL 1905326, at *3 (D. Mass. Apr. 17, 2020); cf. Arias-Minaya v. Holder, 779 F.3d 49, 54 (1st Cir. 2015) ("[I]n reviewing requests for discretionary relief, immigration courts may consider police reports even when they rest largely on hearsay."). Here, the police report contains a detailed account of the officer's encounter with Petitioner. The

3

report recites the officer's personal observation of the damaged vehicle; the specific grounds upon which the officer based his belief that Petitioner was intoxicated, including the results of multiple breathalyzer tests; and statements made by Petitioner to the officer admitting that he drank multiple beers and hit a curb while driving. The immigration judge expressly found this detailed report to be reliable, and Petitioner had the opportunity to refute the report's contents at the bond hearing by testifying or challenging the breathalyzer results but did not do so. Cf. Rosa v. Garland, 114 F.4th 1, 9, 11 (1st Cir. 2024) (explaining that an immigration judge may consider a police report in deciding whether to grant discretionary relief if she finds the report reliable and gives the noncitizen the opportunity to respond to the report).

It is true that there was no conviction and that the government did not provide any corroborating evidence to support the police report. Cf. Maurice v. Bondi, 154 F.4th 15, 21 (1st Cir. 2025). However, in these circumstances where there was no evidence rebutting the report, which was not primarily based on hearsay, the Court cannot say that the report was insufficient to support a finding of dangerousness by clear and convincing evidence or that the immigration judge's decision "was so arbitrary that it would offend fundamental tenets of due process." Diaz Ortiz, 384 F. Supp. 3d at 144 (quoting Pratt v. Doll, No. 17-cv-1020, 2019 WL 722578, at *4 (M.D. Pa. Feb. 20, 2019)).

4

Accordingly, Petitioner's motion to enforce (Dkt. 11) is

**DENIED**.


SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge